```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

JULIANA ADENIKE OGUNFUYE         §
                                 §
         Petitioner,             §
                                 §
v.                               §      CIVIL NO. H-05-0551
                                 §
HIPOLITO ACOSTA et. al.,         §
                                 §
         Respondents.            §
```

## MEMORANDUM OPINION

Pending before the court[1] are Respondents' Motion for Summary Judgment (Docket Entry No. 4) and Petitioner's Motion in Opposition to Summary Judgment (Docket Entry No. 7). The court has considered the motions, all relevant filings, and the applicable law. For the reasons set forth below, the court **GRANTS** Respondents' Motion for Summary Judgment and **DENIES** Petitioner's Motion in Opposition to Summary Judgment.

### I.  Case Background

Petitioner filed this action pursuant to 8 U.S.C. § 1447(b). Petitioner asked this court for a hearing on her naturalization application because 120 days elapsed after her date of examination before the U.S. Citizenship and Immigration Services ("CIS") without an adjudication on her eligibility.[2]

---

[1]   The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  Docket Entry No. 6.

[2]   The court notes that the removal proceeding against Petitioner is ongoing.  The court is not aware of the results of such proceeding and it has no bearing on the determination of this case.

Petitioner, a Nigerian citizen, entered the United States in 1980 and obtained resident alien status.[3] In 1984, Petitioner was arrested for "Theft, $20-$200" in Harris County, Texas.[4] Petitioner pled guilty and received deferred adjudication for the offense.[5] In 1990, Petitioner was convicted in Harris County, Texas, on four counts: two counts of "Theft, over $20,000" and two counts of forgery.[6] Petitioner was sentenced to a concurrent terms of imprisonment of five years for three of the counts and ten years for the fourth count.[7] Her sentences were suspended and Petitioner was placed on probation that terminated on October 4, 1994.[8]

On April 22, 2003, Petitioner filed an application for naturalization with CIS.[9] She appeared for her naturalization examination on November 26, 2003.[10] At that appearance, Petitioner was arrested by Immigration and Customs Enforcement ("ICE"), and

---

[3]   Plaintiff's Petition for Hearing on Naturalization Application, Docket Entry No. 1, p. 2.

[4]   Id. at Exhibit 3, Petitioner's Original Application for Naturalization and supplemental documents, p. 42.

[5]   Id. at Exhibit 3, p. 42.

[6]   Id. at Exhibit 3, pp. 26-27.

[7]   Id. at Exhibit 3, pp. 28-29, 33-34, 36-37, 39-40.

[8]   Id. at Exhibit 3, pp. 30-32, 35, 38, 41.

[9]   Id. at Exhibit 1, Notice of Action- filing receipt for Petitioner's application for naturalization.

[10]   Id. p. 2.

placed in removal proceedings due to her earlier convictions.[11] The Immigration Judge released Petitioner on her own recognizance in December 2003.[12]

On February 18, 2005, Petitioner filed this suit asking the court to adjudicate her naturalization petition.[13] On April 27, 2005, Respondents filed the pending motion for summary judgment[14], and, on May 12, 2005, Petitioner filed her response.[15]

## II.  Legal Standard

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); <u>Brown v. City of Houston, Tex.</u>, 337 F.3d 539, 540-41 (5th Cir. 2003).  The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions or

---

[11]  Respondents' Motion for Summary Judgment, Docket Entry No. 4, Exhibit A, Notice to Deportable Alien, Warrant for Arrest of Alien, Notice of Custody Determination, pp. 1-5.  8 U.S.C. § 1427(a)(3) requires that a person be "of good moral character" to be naturalized. 8 C.F.R. 316.10(b)(1)(ii) states that an applicant is not of good moral character if the applicant has been convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43) which includes a theft offense or burglary offense for which the term of imprisonment is at least one year.  8 U.S.C. §1101(a)(43)(H).

[12]  <u>Id.</u> at Exhibit B, p. 1.

[13]  Petition for Hearing on Naturalization Application, Docket Entry No. 1.

[14]  Respondents' Motion for Summary Judgment, Docket Entry No. 4.

[15]  Petitioner's Motion in Opposition to Summary Judgment, Docket Entry No. 7.

affidavits that demonstrate the absence of genuine factual issues. Celotex Corp., 477 U.S. at 323; Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992).

If the moving party can show an absence of record evidence in support of one or more elements of the case for which the nonmoving party bears the burden, the movant will be entitled to summary judgment. Celotex Corp., 477 U.S. at 322. In response to a showing of lack of evidence, the party opposing summary judgment must go beyond the pleadings and proffer evidence which establishes each of the challenged elements of the case, demonstrating that genuine issues of material fact do exist which must be resolved at trial. Id. at 324. The party opposing summary judgment bears the burden of proving the existence of a material fact issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

The non-moving party must show more than "some metaphysical doubt as to the material facts." Meinecke v. H & R Block of Houston, 66 F.3d 77, 81 (5th Cir. 1995). Conclusory allegations, unsubstantiated assertions, improbable inferences, unsupported speculation, or only a scintilla of evidence will not carry this burden. Brown, 337 F.3d at 541; Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

### III.  Analysis

Respondents urge the court to dismiss this action for want of subject matter jurisdiction. They argue that the court is

precluded from adjudicating naturalization applications for aliens who are in removal proceedings. The court agrees that it does not have jurisdiction to hear Petitioner's application.

The district courts have jurisdiction over naturalization applications in only two situations: (1) when the Attorney General has conducted an examination but fails to issue a ruling within 120 days of that examination, 8 U.S.C. § 1447(b) ("Section 1447(b)"), and (2) when an applicant appeals the denial of a naturalization application, 8 U.S.C. § 1421(c) ("Section § 1421(c)"). In all other situations, the Attorney General has the sole authority over naturalization proceedings. 8 U.S.C. § 1421(a). Petitioner bears the burden of establishing that the court has subject matter jurisdiction. See Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980).

Petitioner contends that the court has jurisdiction pursuant to Section 1447(b).[16] Petitioner must, therefore, establish that 120 days have transpired since the Attorney General conducted her examination. The problem for Petitioner is that she submitted no evidence that her naturalization examination was ever conducted. The record reflects that Petitioner was arrested upon arrival at

---

[16] Petitioner also makes an entirely irrelevant argument concerning an alleged inability to receive a fair hearing. She alleges that she would not receive a fair adjudication of her application, based on a perceived bias between CIS and ICE. Petitioner claims this bias exists because both agencies are within the same department of the government, the Department of Homeland Security, and because she believes CIS is responsible for informing ICE of her location on the date of her arrest. Clearly speculative, these assertions have no bearing on the court's decision herein because they are not material to the question of this court's subject matter jurisdiction.

her examination hearing.  Although she alleges in her original petition that an "examination was held on November 26, 2003,"[17] she concedes in her motion that she arrived for her interview and "[a]t that time she was detained by an officer of the Department of Homeland Security."[18]  Because there is no evidence in the record to show that she had an examination on her naturalization petition, the court finds that Petitioner has not met her burden of establishing that the district court has jurisdiction.  Therefore, Petitioner's case should be dismissed.

Even if the Attorney General conducted an examination, the court would not have jurisdiction to hear Petitioner's case because removal proceedings are pending against her.  Section § 1429 of Title 8 of the United States Code ("Section 1429") states "no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act."  8 U.S.C. § 1429 (1999).

Respondents argue that Section 1429 precludes adjudication of the Petitioner's application by both the Attorney General and district court during the removal proceedings.  On the other hand,

---

[17] Petition for Hearing on Naturalization Application, Docket Entry No. 1, p. 2.

[18] Petitioner's Motion in Opposition to Summary Judgment, Docket Entry No. 7, p.2.

Petitioner argues that Section 1447(b)'s grant of jurisdiction to the district court is not affected by Section 1429's prohibition. The court disagrees and finds that public policy, case law and the legislative history of the statute support Respondents' position.

Shortly after Section 1429 was implemented, the United States Supreme Court stated that the purpose of Section 1429 was to "end th[e] race between the alien to gain citizenship and the Attorney General to deport him." Shomberg v. United States, 348 U.S. 540, 544 (1955) (quoted in Zayed v. United States, 368 F.3d 902, 905 (6th Cir. 2004)).  Prior to Section 1429's enactment, adjudication of naturalization and removal proceedings occurred simultaneously, and when one was finalized, the other ended by default. See Zayed, 368 F.3d at 905 (quoting Shomberg, 348 U.S. at 543).  Section 1429 was interpreted to be the "priority provision" of the Immigration and Nationality Act and delayed naturalization pending the outcome of deportation proceedings. Shomberg, 348 U.S. at 540.

Contrary to Petitioner's argument, case law, albeit outside this jurisdiction, supports the court's finding.  The Sixth and Ninth Circuits, as well as some district courts, have interpreted the prohibition in Section 1429 to apply to the district courts as well as the Attorney General. See Zayed v. United States, 368 F.3d 902 (6th Cir. 2004); Perdomo-Padilla v. Ashcroft, 333 F.3d 964 (9th Cir. 2003); Rodriguez v. Meissner, 2005 WL 887709 (N.D. Tex. 2005); Tellez v. United States INS, 91 F. Supp. 2d 1356 (C.D. Ca. 2000); United States v. Ali, 757 F. Supp. 710 (W.D. Va. 1991).  In these

cases, the courts based their decisions on the legislative history of both Section 1429 and Section 1447(b).

The legislative history of the statute shows that Congress intended for removal proceedings to delay naturalization regardless of the forum. The Immigration and Nationality Act, 8 U.S.C. §§ 1101-1537, was revised in 1990, and made naturalization an administrative, rather than judicial, process. Pub. L. No. 101-649 (1990). Congress amended the statute to give the Attorney General sole authority to naturalize persons. Pub. L. No. 101-649, § 401(a), 407(d)(1), 104 Stat. 4978 (1990) (codified as amended 8 U.S.C. § 1421(a) ("Section 1421(a)")). Because of the change in authority, the term "naturalization court" was replaced with "Attorney General" in both Section 1429 and Section 1447(b). Pub. L. No. 101-649, § 407(d)(3), (16), 104 Stat. 4978 (1990).

Based on Congress's decision to vest authority over naturalization proceedings in the Attorney General and because district courts no longer had general authority for naturalization, it was unnecessary to specify district courts in Section 1429's preclusion language. Therefore, Section 1429 applies to Petitioner's situation and her eligibility for naturalization cannot be considered by either the Attorney General or the district court until her removal proceedings are complete.

## IV. Conclusion

Based on the foregoing, the court **GRANTS** Respondents' Motion

for Summary Judgment and **DENIES** Petitioner's Motion in Opposition of Summary Judgment.

    SIGNED in Houston, Texas, this 6th day of July, 2005.

Nancy K. Johnson
United States Magistrate Judge